IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

| | |
|---|---|
| **RANDY R. ROSS,** | * |
| **Plaintiff,** | * |
| v. | *     Case No.: PWG-14-2083 |
| **M&T BANK,** | * |
| **Defendant.** | * |

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

**MEMORANDUM OPINION AND ORDER**

Plaintiff Randy R. Ross, *pro se*, filed an Action to Quiet Title to 4421 Romlon Street, #104, Beltsville, MD 20708-9998 (the "Property") in the Circuit Court for Prince George's County. Compl., ECF No. 2. Defendant M&T Bank removed the case to this Court, ECF No. 1, and then moved to dismiss the Complaint for failure to state a claim, ECF No. 10.[1] Because a related foreclosure proceeding is pending in state court, Defendant's Motion IS GRANTED.

As best I can discern from the pleadings, Plaintiff executed a promissory note to obtain a mortgage loan and purchase the Property, and the Property now is the subject of a foreclosure proceeding in state court. Compl. 1–2.[2] He claims he is "the TITLE/DEED owner" of the Property and that Defendant is not the "Holder/holder in Due Course" of the promissory note. *Id.* at 1. Plaintiff appears to question the authenticity of the documents evidencing any debt he

---

[1] The Court notified Plaintiff of his deadline for opposing Defendant's Motion, ECF No. 11, but Plaintiff has not filed a response, and the time for doing so has passed. *See* Loc. R. 105.2(a). A hearing is not necessary. *See* Loc. R. 105.6.

[2] For purposes of considering Defendant's Motion to Dismiss, this Court accepts as true the facts that Plaintiff alleged in the Complaint. *See Aziz v. Alcolac*, 658 F.3d 388, 390 (4th Cir. 2011).

owes to Defendant. *See id.* He also alleges that Defendant "violated numerous sections of the Statutes at Large," such as by entering into a thirty-year mortgage when, in Plaintiff's view, a "Financial Institution[] cannot enter into [a] mortgage agreement[] for real estate beyond a 5 year period." *Id.* Plaintiff requests that the Court quiet title to the Property and vacate the pending foreclosure action. *Id.* at 2.

Federal Rule of Civil Procedure 12(b)(6) provides for "the dismissal of a complaint if it fails to state a claim upon which relief can be granted." *Velencia v. Drezhlo*, No. RDB-12-237, 2012 WL 6562764, at *4 (D. Md. Dec. 13, 2012). This rule's purpose "'is to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses.'" *Id.* (quoting *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006)). To that end, the Court bears in mind the requirements of Fed. R. Civ. P. 8, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), when considering a motion to dismiss pursuant to Rule 12(b)(6). Specifically, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and must state "a plausible claim for relief," as "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Iqbal*, 556 U.S. at 678–79. *See Velencia*, 2012 WL 6562764, at *4 (discussing standard from *Iqbal* and *Twombly*).

Plaintiff is proceeding *pro se*, and his Complaint is to be construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, liberal construction does not absolve Plaintiff from pleading plausible claims. *See Holsey v. Collins*, 90 F.R.D. 122, 128 (D. Md.1981) (citing *Inmates v. Owens*, 561 F.2d 560, 562–63 (4th Cir.1977)).

> It is neither unfair nor unreasonable to require a pleader to put his complaint in an intelligible, coherent, and manageable form, and his failure to do

so may warrant dismissal. District courts are not required to be mind readers, or to conjure questions not squarely presented to them.

*Harris v. Angliker*, 955 F.2d 41, 1992 WL 21375, at * 1 (4th Cir. 1992) (per curiam) (internal citations omitted).

Even assuming that, given the opportunity to amend, Plaintiff could state a claim for quiet title, he could not maintain this action. A person in "peaceable possession of property" only can maintain a quiet title action "if an action at law or proceeding in equity is not pending to enforce or test the validity of the title, lien, encumbrance, or other adverse claim." Md. Code Ann., Real Prop. § 14-108. Put another way, a "pending foreclosure proceeding [is a] bar [to a] quiet title claim." *Anand v. Ocwen Loan Servicing, LLC*, 754 F.3d 195, 197 n.1 (4th Cir. 2014). The Maryland Judiciary Case Search website, the contents of which I judicially notice, Fed. R. Civ. P. 201, 803(8)(a)(i), 901(b)(5), establishes that the foreclosure action with regard to the Property, *O'Sullivan v. Ross*, CAEF 13-20975, still is pending in the Circuit Court for Prince George's County. *See* http://casesearch.courts.state.md.us/inquiry/inquiryDetail.jis?caseId=CAEF1320975&loc=65&detailLoc=PGV. Therefore, Plaintiff cannot maintain this action. *See* Real Prop. § 14-108; *Anand*, 754 F.3d at 197 n.1.

Accordingly, it is this 8th day of December, 2014, hereby ORDERED that:

1. Defendant's Motion to Dismiss, ECF No. 10, IS GRANTED;

2. Plaintiff's Complaint IS DISMISSED; and

3. The Clerk IS DIRECTED to send a copy of this Memorandum Opinion and Order to Plaintiff and to CLOSE THE CASE.

/S/
Paul W. Grimm
United States District Judge

lyb